# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRUSTEES OF THE INSULATORS LOCAL NO. 23 ANNUITY, PENSION, AND HEALTH AND WELFARE FUNDS, and THE JOINT APPRENTICE TRAINING COMMITTEE, LOCAL 23, ASBESTOS WORKERS,** | : : : : : : : : : | CIVIL ACTION NO. 1:18-CV-537 (Chief Judge Conner) |
| **Plaintiffs** | : : | |
| v. | : : | |
| **LOSHAW THERMAL TECHNOLOGY, LLC, MARCI BITTNER, and WENDY BITTNER,** | : : : : : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiffs commenced this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, seeking recovery of delinquent contributions and remedies for an attendant breach of fiduciary duty. Before the court are the parties' cross-motions (Docs. 20, 26) for summary judgment. For the reasons that follow, we will grant summary judgment to defendants.

I. **Factual Background & Procedural History**[1]

Defendants Marci Bittner ("Marci Bittner") and Wendy Bittner ("Wendy Bittner") each own a 50% share in defendant Loshaw Thermal Technology, LLC ("Loshaw"), a closely held limited liability company operating in Pennsylvania. (Doc. 27 ¶ 6; Doc. 17 ¶ 6; Doc. 8 ¶ 6). At all times relevant, Marci Bittner served as Loshaw's president and chief executive officer and Wendy Bittner served as chief operating officer and treasurer. (Doc. 27 ¶¶ 7-8). In 2011, Loshaw recognized the International Association of Heat and Frost Insulators and Asbestos Workers, Local Union No. 23 (the "Union") as the exclusive collective bargaining representative of a unit of its employees (the "unit") in accordance with the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.* (Id. ¶¶ 2-3). The unit included all mechanics, apprentices, and other individuals employed by Loshaw who were performing "bargaining unit work." (Id. ¶ 2).

Loshaw and the Union entered into a collective bargaining agreement in 2011 to memorialize this recognition. (Id. ¶ 4). The agreement remained in effect from June 29, 2009, to July 1, 2012. (Id.) Loshaw and the Union executed a successor

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues for trial. See id. Unless otherwise noted, the factual background herein derives from the parties' joint stipulation of material facts, (see Doc. 27), and defendants' uncontroverted Rule 56.1 statement of material facts, (see Doc. 24). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

collective bargaining agreement with a term of July 2, 2012, to June 28, 2015 (the "2012-2015 agreement"). (Id. ¶ 5). The collective bargaining agreements provided for contributions to the Insulators Local No. 23 Annuity, Pension, and Health and Welfare Funds and the Joint Apprentice Training Committee, Local 23, Asbestos Workers (collectively, the "Funds"). (Doc. 17 ¶ 4; Doc. 8 ¶ 4; see Doc. 27-1 at 16-19). Plaintiffs are the Trustees of the Funds, charged to administer the Funds in accordance with plan documents and any operative collective bargaining agreements. (Doc. 17 ¶¶ 3-5; Doc. 8 ¶¶ 3-5).

The Union mailed Loshaw a letter on February 27, 2015, advising of the Union's intent to modify the 2012-2015 agreement following its expiration on June 28, 2015. (Doc. 27 ¶ 23). The Union thereafter invited Loshaw to participate in a contract negotiation meeting set for May 5, 2015. (Id. ¶ 24). In a responsive letter, Loshaw stated its intent to terminate the bargaining relationship with the Union following the 2012-2015 agreement's expiration. (Id. ¶¶ 24-25). On June 22, 2015, Loshaw withdrew its recognition of the Union as the exclusive bargaining representative of the unit and ceased contributing to the Funds. (Id. ¶¶ 26-27).

Plaintiffs commenced this action on March 7, 2018, subsequently filing an amended complaint on June 22, 2018. Plaintiffs advance two ERISA claims against defendants to (1) recover delinquent benefits contributions from June 2015 through May 2018 (Count I) and (2) remedy the derivative breach of fiduciary duty arising out of defendants' failure to make requisite benefits contributions (Count II). The Union separately filed an unfair labor practice charge against Loshaw with the National Labor Relations Board ("NLRB"), challenging Loshaw's failure to

3

continue making benefits contributions to the Funds after expiration of the 2012-2015 agreement. (Doc. 24 ¶¶ 2-4; see Doc. 23-6 at 2). The parties filed cross-motions for summary judgment which are fully briefed and ripe for disposition.

**II.    Legal Standard**

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

Courts are permitted to resolve cross-motions for summary judgment concurrently. See Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008); see also Johnson v. Fed. Express Corp., 996 F. Supp. 2d 302, 312 (M.D. Pa. 2014); 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2720 (3d ed. 2015). When doing so, the court is bound to view the evidence in the light most

4

favorable to the non-moving party with respect to each motion. FED. R. CIV. P. 56; Lawrence, 527 F.3d at 310 (quoting Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968)).

## III. Discussion

The parties disagree as to whether their multiemployer bargaining relationship is governed by Section 8(f) or by Section 9(a) of the NLRA. The nature of the parties' relationship bears on whether defendants are liable for delinquent contributions and breach of fiduciary duty under ERISA. Our inquiry begins and ends with defendants' threshold argument that, because plaintiffs' ERISA claims are premised on an expired collective bargaining agreement with no promise of future contributions, they are incognizable before this court.

Congress enacted ERISA to set minimum standards to "assur[e] the equitable character" of employee benefit plans. 29 U.S.C. § 1001(a). Section 1145 requires an employer to make contributions under the terms of a benefits plan or collective bargaining agreement even after withdrawing therefrom. *In re* Trump Entm't Resorts, 810 F.3d 161, 172 n.50 (3d Cir. 2016) (citing 29 U.S.C. § 1145). ERISA provides a right of civil action in federal court for a plan trustee to enforce the mandate of Section 1145 and enumerates the specific remedies available for breach. 29 U.S.C. § 1132(a)(3), (g)(2); Laborers Health & Welfare Tr. Fund for N. Cal. v. Advanced Lightweight Concrete Co., 484 U.S. 539, 547 (1988). Remedies available under Section 1132(g)(2)'s are "limited to the collection of 'promised contributions'" arising out of an employer's contractual obligations. Advanced Lightweight Concrete, 484 U.S. at 547.

5

Loshaw terminated its bargaining relationship with the Union on June 28, 2015, the same day the 2012-2015 agreement expired. (Doc. 27 ¶¶ 5, 25). According to the amended complaint, plaintiffs seek benefits contributions for June 2015 through May 2018.[2] (Doc. 17 ¶ 14). Plaintiffs acknowledge that their ERISA claim for delinquent contributions stems from an expired collective bargaining agreement and point to no evidence that defendants promised to continue making payments following expiration of the 2012-2015 agreement. (See Doc. 30 at 2). Therefore, the Rule 56 record clearly establishes that plaintiffs cannot maintain their ERISA suit to recover delinquent benefits contributions from defendants. Because plaintiffs' breach of fiduciary duty claim in Count II is derivative of the claim for delinquent benefits contributions in Count I, (see Doc. 17 ¶¶ 23-30), plaintiffs likewise cannot sustain their breach of fiduciary duty claim.

The amended complaint raises no NRLA claims, but plaintiffs do invoke certain NRLA provisions to suggest that defendants were statutorily obligated to continue making benefits contributions to the Funds after the 2012-2015 agreement expired. (Doc. 28 at 5-8). The existence *vel non* of defendants' continuing obligation to adhere to the expired 2012-2015 agreement (including its provisions regarding benefits contributions) hinges on whether the parties' post-contract bargaining relationship is governed by Section 8(f) or by Section 9(a) of the NLRA. (See Doc. 25 at 8-13; Doc. 28 at 4-8). The ERISA provisions invoked in plaintiffs' amended

---

[2] The 2012-2015 agreement expired on June 28, 2015 and defendants ceased making contributions to the Funds on June 22, 2015, (id. ¶¶ 5, 26-27), but plaintiffs provide no indication that any portion of the June 2015 contributions sought falls within the term of the 2012-2015 agreement, (see Doc. 30).

complaint, however, "do[] not confer jurisdiction on district courts to determine whether an employer's unilateral decision to refuse to make post[-]contract contributions constitutes a violation of the NLRA." Advanced Lightweight Concrete, 484 U.S. at 549.  And the labor law preemption doctrine requires state and federal courts to "defer to the primary jurisdiction of the NLRB if a matter is arguably subject to section 7 or section 8 of the [NLRA]." Mack Trucks, Inc. v. Int'l Union, United Auto, Aerospace & Agr. Implement Workers of Am., UAW, 856 F.2d 579, 584 (3d Cir. 1988) (citing San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 245 (1959)).  We thus defer this aspect of the parties' dispute for resolution in the action presently pending before the NLRB.

## IV. Conclusion

The court will grant defendants' motion (Doc. 20) for summary judgment, enter judgment in defendants' favor, and deny plaintiffs' motion (Doc. 26) for summary judgment.  An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    May 7, 2019